NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LAMOND, et. al., | Hon. Joseph H. Rodriguez |
| Plaintiffs, | |
| | Civil No. 11-0967 |
| v. | |
| SHELLER, LUDWIG & BADEY, P.C., et. al., | MEMORANDUM ORDER |
| Defendants. | |

Presently before the Court is an unopposed motion [Dkt. Entry No. 24] of Defendants Sheller, Ludwig & Badey, P.C., Stephen A. Sheller and Jamie L. Sheller to transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons expressed below, Defendants' motion to transfer will be granted.

I. BACKGROUND

Defendant Sheller, Ludwig & Badey, P.C. and individually Defendants Stephen A. Sheller and Jamie L. Sheller (collectively "Defendants") entered into an agreement ("Agreement") with Plaintiffs, Michael Lamond and Lawyers Services, Ltd. ("Plaintiffs") whereby Plaintiffs agreed to perform legal consulting and management services for Defendants in early 2006. (Compl. ¶ 8.) From February through November 2006, Defendants performed the contracted services at Plaintiffs' offices in Philadelphia on a part-time basis. [Defs.' Mot. to Transfer 2-3.] Most of the communications between Plaintiffs and Defendants occurred at Plaintiffs' offices. (Id.) Plaintiffs allege that

Defendants breached their Agreement by failing to pay the amount owed to Plaintiffs and committed fraud by entering the Agreement with the intent of never honoring their financial obligations. (Compl. ¶ 16.) Plaintiffs filed suit in the Superior Court of New Jersey Law Division - Burlington County and Defendants subsequently removed the case to this Court on February 22, 2011. [Dkt. Entry No. 1.] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Section 1404(a) governs questions of venue when the original and requested venues are proper. It states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a) (2006).

Where jurisdiction is based on diversity of citizenship, a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2006). Therefore as an initial matter, venue would be proper in the Eastern District of Pennsylvania because Defendants reside there and the negotiations at issue and a substantial part of the work done took place there.

## II. STANDARD

Analysis under § 1404 is flexible and must be made on the unique facts of each

case. Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993). The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The Third Circuit has enumerated a number of private and public factors to be weighed when deciding a motion to transfer venue under § 1404(a).

> The private interest factors incorporate the preferences of the parties in the context of the litigation, and include (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose. The second category analyzes the public interest including (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.

Mendoza v. U.S. Custom & Border Protection, No. 05-6017, 2007 WL 842011, at *3 (D.N.J. March 19, 2007) (citing Jumara, 55 F.3d at 879) (internal citations omitted).

### A. PRIVATE FACTORS

In the Third Circuit, "Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed." Clark v. Burger King Corp., 255 F. Supp. 2d 334, 338 (D.N.J. 2003) (quoting Ayling v. Travelers Prop. Casualty Corp., No. 99-3243, 1999 WL 994403, at *2 (E.D.Pa. Oct. 28, 1999)). Unless the defendant can show that the inconvenience to the parties strongly favors another forum, plaintiff's choice of forum should prevail. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state. See e.g., NCR Credit Corp.

3

v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 321 (D.N.J. 1998); Ricoh Co., 817 F. Supp. at 481-482.

Here, Plaintiffs' original bases for choosing venue in the New Jersey District Court have been called into question. Defendants contend that subsequent to filing the Complaint, Plaintiff Michael Lamond's counsel admitted that Lawyers Services, Ltd., the company under which Lamond performed services for Defendants, is not actually a registered corporation and thus cannot have a valid principle place of business in New Jersey as originally stated. [Am. Corp. Discl. Statement.] Also, Defendants assert that while attempting to serve process upon Plaintiffs in a separate action,[1] Plaintiff Michael Lamond's stated residence in Cherry Hill, New Jersey appeared vacant and a neighbor explained that the property had been abandoned for four years. [Cert. of Walter Nebel, ¶¶ 2-4.] Plaintiffs failed to respond to these allegations, suggesting that they do not object to the transfer request.

Additionally, no acts related to the Agreement occurred in New Jersey. Thus, although Plaintiffs' choice of forum is entitled to deference, the weight afforded to Plaintiffs' forum preference is reduced because New Jersey has few, if any, significant contacts with the underlying cause of action.

Here also, access to evidence and the convenience of the witnesses favor transfer to the Eastern District of Pennsylvania as the events in question took place in Philadelphia, Pennsylvania. [Defs.' Mot. to Transfer 12.]

---

[1] Defendants initiated an action in the Court of Common Pleas of Philadelphia on January 31, 2011, raising claims against Plaintiffs and others based on the same events at issue in this case.

4

## B. Public Factors

There is no evidence that litigating the present matter in either court poses administrative difficulties or serious practical considerations. However, all claims at issue arose out of the negotiations and services purportedly rendered in Pennsylvania. Further, Pennsylvania has a stronger interest than New Jersey in deciding controversies arising out of contract disputes over agreements entered into in Pennsylvania, involving Pennsylvania corporations. See generally, Howard Johnson Int'l Inc. v. Mississippi Hospitality Servs., LLC, No. 10-0486, 2011 WL 832323 at *3 (D.N.J. Feb. 28, 2011) (recognizing the state has a valid local interest in protecting its citizens from breaches of contract). Additionally, because the Agreement was negotiated and entered into in Pennsylvania, it appears that Pennsylvania contract law controls the case. See Century Indem. Co. v. Mine Safety Appliances Co., 398 N.J. Super. 422, 435 n.8 (2008) (citing Restatement (Second) of Conflict of Laws § 188 (1971) (explaining that the court should take into account the place of contracting, the place of negotiation of the contract and the place of performance when choosing which state's law will govern a contract case.)) Accordingly, the public factors also favor transfer.

## III. Conclusion

After considering the relevant private and public factors and the Plaintiffs' failure to oppose to the instant motion, the Court finds that Defendants' allegations are sufficient to overcome the presumption in favor of Plaintiff's original choice of forum.

Therefore,

IT IS on this 7th day of July, 2011 hereby

**ORDERED** that Defendants' Motion to Transfer this matter is **GRANTED**; and it is further

**ORDERED** that this matter shall be **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

/s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge
